**CF ALLEN LAW PC**
Christopher F. Allen, Esq. (CBN: 321386)
civil@cfallenlaw.com
4355 Cobb Parkway SE, STE J269
Atlanta, GA 30339
Telephone: 213-291-9844

*Attorney for Plaintiff,*
Regina Loria

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Regina Loria,** <br><br> Plaintiff, <br><br> **v.** <br><br> **Equifax Consumer Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and JPMorgan Chase Bank, N.A.** <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> 1. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** <br><br> 2. **DEFAMATION** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. COMES NOW Plaintiff, Regina Loria, who brings this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and JPMorgan Chase Bank N.A. ("JPMCB"), and in support thereof, she alleges as follows:

PLAINTIFF'S COMPLAINT                                                                 1

2. This action is brought pursuant to the Federal Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq.

3. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principals, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

**THE FCRA**

4. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a matter which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."

///

///

///

PLAINTIFF'S COMPLAINT                                                                          2

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 2201. Further, Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over all non-federal claims as this set of allegations and claims constitutes a single action and should be heard in the same cause, 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants conduct business in this district, communications, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

7. Plaintiff, Regina Loria, is a "consumer" as defined by 15 U.S.C. §1681a(c). Plaintiff is a natural person who resides in the State of California.

8. Defendant Equifax Consumer Services, LLC is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

9. Defendant Equifax is an out of state limited liability company doing business at all relevant times in California, whose principal address is 1550 Peachtree St. N.W., Atlanta, GA, 30309, and may be served process by serving its registered agent for service of process, CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, CA, 95833, USA, which service is hereby requested.

PLAINTIFF'S COMPLAINT                                                                3

10. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

11. Defendant Experian is an out of state corporation doing business at all relevant times in California, whose principal address is 475 Anton Blvd, Costa Mesa, CA, 92626, and may be served process by serving its registered agent for service of process C T Corporation System, 330 N Brand Blvd, Glendale, CA, 91203, USA, which service is hereby requested.

12. Defendant Trans Union LLC is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

13. Defendant Trans Union is an out of state limited liability company doing business at all relevant times in California, whose principal address is 555 West Adams St., Chicago, IL, 60661, and may be served process by serving its registered agent for service of process, CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, CA, 95833, USA, which service is hereby requested.

14. Defendants Equifax, Experian, and Trans Union are collectively referred to as "consumer reporting agencies" or "CRAs".

15. Defendant JPMorgan Chase Bank N.A. is a "person" as defined by 15 U.S.C. §1681a(b) and is a "furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2 et seq.

PLAINTIFF'S COMPLAINT                                                                          4

16. Defendant JPMCB is an out of state corporation doing business at all relevant times in California, whose principal address is 111 Polaris Parkway, Columbus, OH, 43240, and may be served process by serving its registered agent for service of process, C T Corporation System, 330 N Brand Blvd, Glendale, CA, 91203, USA, which service is hereby requested.

17. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. §1681a(d)(1).

## FACTUAL ALLEGATIONS

18. Plaintiff had a credit card with JPMCB that she had defaulted on and was charged off by JPMCB.

19. Thereafter, Plaintiff retained a financial counseling agency that facilitated a repayment plan for Plaintiff to pay off the debt with regular monthly payments to JPMCB.

20. Since creating the repayment plan, Plaintiff has been making regular monthly payments to JPMCB for years.

21. JPMCB has been reporting the credit card as a charge-off to the CRAs since the account was charged off many years ago.

22. Defendants violated the FCRA by reporting inaccurate, incomplete, and misleading information.

PLAINTIFF'S COMPLAINT                                              5

23. Specifically, JPMCB reported to the CRAs that Plaintiff defaulted on a credit card that was ultimately charged off.

24. However, the foregoing reporting is only part of the story. The rest of the story reads like this:

   a. Plaintiff enlisted the help of a financial counseling agency to create a debt repayment plan with JPMCB;

   b. The financial counseling agency arranged a debt repayment plan between Plaintiff and JPMCB;

   c. And Plaintiff is making payments to JPMCB pursuant to the terms of the repayment plan.

25. JPMCB's reporting is inaccurate, incomplete, and misleading because JPMCB is not reporting that the status of the account has changed.

26. Specifically, the account is no longer uncollectible, a new payment plan has been created, and Plaintiff has made payments on the new payment plan for years.

27. Notwithstanding the payment plan and years of regular payments, JPMCB has not updated the account status with the CRAs to reflect that the account is under a payment plan and receiving payments.

28. When JPMCB reports Plaintiff's account to the CRAs, they report, among other things, the current condition of the accounts and the payment history.

29. With respect to the current condition of the account, they reported that there have been no changes to the account and that the account remains in the same charge-off status.

30. A charge-off is considered an uncollectible debt by the CRAs and third parties that receive consumer reports from the CRAs.

31. JPMCB's reporting is inaccurate because the reported current condition of the account does not reflect that the account is collectible and receiving timely payments pursuant to a new payment plan.

32. Regarding Plaintiff's payment history, JPMCB is reporting to the CRAs that no payment has been made on the account since the charge-off occurred many years ago.

33. As a result, third parties that receive consumer reports from the CRAs are misled into believing that there have been no changes in Plaintiff's payment habits on the JPMCB account since the account was defaulted on.

34. Plaintiff disputed the account with JPMCB through the CRAs.

35. JPMCB received Plaintiff's disputes from the CRAs by way of an Automated Consumer Dispute Verification ("ACDV") form that the CRAs forwarded to JPMCB.

///

///

PLAINTIFF'S COMPLAINT                                              7

36. When JPMCB received Plaintiff's dispute, it processed those disputes by checking the information in the CRAs' files to make sure that the information matched up with the information that it submitted earlier to the CRAs.

37. In other words, JPMCB did a less than cursory investigation that merely rubber-stamped its earlier submissions to the CRAs.

38. Additionally, JPMCB is not reporting the account as disputed.

39. Plaintiff disputed the JPMCB account with each CRA on several occasions.

40. In response to Plaintiff's disputes, JPMCB failed to perform a reasonable investigation and failed to correct the inaccuracies.

41. Although JPMCB's investigation did not meet the standard of a reasonable investigation, JPMCB informed the CRAs that it had investigated the dispute and verified the accuracy of the disputed information.

42. The CRAs merely transcribed Plaintiff's dispute into an electronic dispute form and forwarded that form to JPMCB for it to investigate.

43. In complete abdication of their duties under the FCRA, the CRAs solely relied on JPMCB's investigation of Plaintiff's dispute and did no independent investigation of their own.

44. The CRAs' blindly accepted the investigation results of JPMCB and continued publishing credit reports that contained, among other inaccuracies, the inaccurate JPMCB account.

45. The CRAs did not investigate Plaintiff's disputes.

46. In lieu of conducting an investigation of the disputes, the CRAs forwarded Plaintiff's disputes to JPMCB and waited for it to respond.

47. JPMCB conveyed its dispute results to the CRAs, and they accepted JPMCB's dispute results without considering the merits of Plaintiff's disputes.

48. Despite receiving numerous disputes from Plaintiff, the CRAs have not clearly noted the JPMCB account as disputed by her, much less have they provided a description of her dispute(s).

49. Seven years ago, the Sixth Circuit Court of Appeals admonished furnishers that a consumer report is inaccurate if it fails to report that an account is under a payment plan. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 639 (6th Cir. 2018). Similarly, eighteen months ago, the Seventh Circuit Court of Appeals reprimanded CRAs that a consumer report is inaccurate if the consumer report does not reflect an account is under a payment plan. *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800, 814 (7th Cir. 2023). Both *Chaitoff* and *Pittman* provided guidance to CRAs and furnishers because the FCRA's accuracy standard applies equally to both.

50. Nearly twenty years ago, the Fourth Circuit Court of Appeals put furnishers on notice that they must note accounts as in a disputed status when responding to a consumer's dispute that is forwarded by a CRA. *Saunders v. Branch*

*Banking & Tr. Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008). At least two other circuit courts have reiterated a furnisher's obligation to note a disputed account as disputed. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163-64 (9th Cir. 2009); *Seamans v. Temple University*, 744 F.3d 853, 868 (3rd Cir. 2014).

51. Nearly twenty years ago, the Supreme Court warned all FCRA defendants that if they adopt an interpretation of the FCRA that is in contradiction to guidance from the court of appeals, then they may have been found to have willfully violated the FCRA. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 70 (2007).

52. Despite the guidance from *Pittman* and *Chaitoff*, Defendants have adopted an interpretation of the FCRA that interprets the FCRA as not requiring them to report on the existence of a payment plan.

53. Despite the guidance from *Saunders*, *Gorman* and *Seamans*, JPMCB have adopted an interpretation of the FCRA that interprets the FCRA as not requiring it to report the existence of a dispute.

54. In addition to the JPMCB tradeline, the CRAs reported numerous other inaccurate accounts, including accounts that were obsolete, contained contradictory information, inaccurate and inflated balances, omitted positive payment history, missing the date of first delinquency, incomplete account

PLAINTIFF'S COMPLAINT

numbers, mitigating facts and circumstances concerning a non-payment, and the proper dispute status.

55. Even after receiving Plaintiff's disputes of the accounts, the CRAs continued reporting the inaccuracies.

56. The CRAs' failure to correct the inaccuracies was due to their failure to perform a reasonable investigation of the disputes, and those inaccuracies were included in the consumer reports that the CRAs sold to third parties that requested information on Plaintiff.

57. The CRAs have sold several consumer reports regarding Plaintiff's credit profile to third parties, and those consumer reports contained several inaccuracies that misled those third parties to view Plaintiff as a higher credit risk than she actually was.

58. Consequently, Plaintiff does not qualify for certain credit that she desires and needs.

59. The inability to correct her credit report has caused Plaintiff to suffer emotional distress.

///

///

///

///

PLAINTIFF'S COMPLAINT                                                    11

# CLAIMS FOR RELIEF

## *Count I: Violation of the FCRA 15 U.S.C. §1681e(b)*

## *Against Equifax, Experian, and Trans Union*

60. Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

61. The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files that they maintained and published to third parties.

62. The CRAs have not implemented reasonable procedures because they prioritize making substantial profits over complying with their duties under the FCRA.

63. The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

64. The CRAs have intentionally adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA will be too costly to their profit ambitions.

PLAINTIFF'S COMPLAINT                                                    12

65. The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

66. The CRAs are extremely profitable and some of the most profitable companies in the United States, if not the world.

67. If the CRAs were not excessively greedy, they could easily budget money and allocate sufficient resources for their employees to comply with their statutory duties under the FCRA.

68. The CRAs' actions were intentional or reckless, both of which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n.

69. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

70. As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

71. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

///

///

PLAINTIFF'S COMPLAINT                                                                 13

### *Count II: Violation of the FCRA 15 U.S.C. §1681i*

### *Against Equifax, Experian, and Trans Union*

72. Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

73. The CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's disputes.

74. The CRAs violated 15 U.S.C. § 1681i by failing to provide proper and sufficient notice of Plaintiff's disputes to the furnishers of information disputed by the Plaintiff.

75. The CRAs violated 15 U.S.C. § 1681i by failing to review and consider all relevant information that they received from Plaintiff's disputes.

76. The CRAs violated 15 U.S.C. § 1681i by failing to delete or modify disputed information that was found to be inaccurate, incomplete, or unverifiable.

77. The CRAs violated 15 U.S.C. § 1681i by failing to clearly note disputed accounts as disputed by Plaintiff and omitting Plaintiff's statement of dispute.

78. The CRAs' failure to comply with 15 U.S.C. § 1681i is due to their decision to prioritize making substantial profits over complying with their duties under the FCRA.

79. Consequently, the CRAs have implemented policies and procedures that are not adequate to comply with their duties under the FCRA.

PLAINTIFF'S COMPLAINT                                                                14

80. The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

81. The CRAs have purposely adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA will be too costly to their profit ambitions.

82. The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

83. The CRAs' actions were intentional or reckless, both of which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n.

84. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

85. As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

86. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### Count III: Violation of the FCRA 15 U.S.C. §1681i

### Against JPMorgan Chase Bank

87. Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

88. JPMCB violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

89. JPMCB violated 15 U.S.C. § 1681s-2(b)(1) by failing to review all relevant information provided by the CRAs.

90. JPMCB violated 15 U.S.C. § 1681s-2(b)(1) by failing to report the results of the investigation of Plaintiff's disputes to the CRAs.

91. JPMCB violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to the CRAs that its' investigation found the disputed information was incomplete or inaccurate.

92. JPMCB violated 15 U.S.C. § 1681s-2(b)(1) by failing to modify, delete, or block information that was found to be inaccurate, incomplete, or unverifiable.

93. JPMCB's failure to comply with 15 U.S.C. § 1681s-2(b) is due to its decision to prioritize making substantial profits over complying with its duties under the FCRA.

PLAINTIFF'S COMPLAINT                                                                16

94. Consequently, JPMCB has implemented policies and procedures that are not adequate to comply with their duties under the FCRA.

95. JPMCB has performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

96. JPMCB has intentionally adopted incorrect interpretations of the FCRA when developing its' policies and procedures for complying with the FCRA because JPMCB decided that the costs of complying with the FCRA will be too costly for its' profit ambitions.

97. JPMCB has ignored the opinions and holdings of the Circuit Courts of Appeals because JPMCB would lose profits if they adhered to those opinions and holdings.

98. JPMCB is an enormous financial institution with enormous resources and can easily afford and implement policies and procedures that comply with its' statutory duties and obligations under the FCRA.

99. JPMCB's actions were intentional or reckless, both of which amount to a willful violation, rendering JPMCB liable pursuant to 15 U.S.C. § 1681n.

100.    Alternatively, JPMCB was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

101.    As a result of JPMCB's violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss of credit opportunities, emotional distress, and feelings of physical sickness.

102.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from JPMCB pursuant to 15 U.S.C. §§ 1681n and 1681o.

### *Count IV: Defamation*

### *Against JPMorgan Chase Bank*

103.    Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

104.    JPMCB intentionally reported inaccurate information to CRAs about the Plaintiff's payment profile.

105.    JPMCB knew the CRAs would publish consumer reports containing inaccurate payment history on Plaintiff to third parties that would evaluate Plaintiff's credit profile.

106.    JPMCB's reporting constituted defamatory statements as the scheduled reportings were injurious to Plaintiff's credit and financial profile.

107.    JPMCB knew that its false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

108.     JPMCB's false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to her financial reputation, loss of credit opportunity, and emotional and mental distress.

## RIGHT TO AMEND

109.     These allegations against Defendants are made acknowledging that this Complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

## PRAYER FOR RELIEF

110.     WHEREFORE, Plaintiff respectfully requests judgment for actual, statutory, and punitive damages against Defendants; for her attorney fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

111.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

DATE: February 12, 2026

PLAINTIFF'S COMPLAINT                                                                 19

CF ALLEN LAW PC
By: */s/ Christopher F. Allen*
Christopher F. Allen, Esq.
*Attorney for Plaintiff*,
Lorena Alves